Mark A. Ozzello (SBN 116595)
Mark.Ozzello@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.monesi@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiffs Nicholas Wylie,
Shawna Wylie, Timothy Ryan, and Gregory Perger

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS WYLIE and SHAWNA WYLIE (fka BROWN), individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, a California corporation,<br><br>Defendant. | Case No.: 8:16-cv-02102-DOC-JCG<br><br>Hon. David O. Carter<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:     August 26, 2019<br>Time:     8:30 a.m.<br>Place:    Courtroom 9D |

The parties to this litigation have entered into a Settlement Agreement, which if approved, would resolve this putative class action. Plaintiffs Nicholas Wylie, Shawna Wylie (fka Brown), Timothy Ryan, and Gregory Perger have filed a motion to direct notice of the proposed class action settlement, which Defendant Hyundai Motor America ("Hyundai" or "HMA") supports. The Court has read and considered the Settlement Agreement and all exhibits thereto, including the proposed claim form, notices, and informational brochure, and concludes that it is appropriate to direct notice in a reasonable manner to all Class members who would be bound by the proposal, since the parties' showing establishes that the Court will likely be able to (i) approve the proposal under Rule 23(e)(2), and (ii) certify the class for purposes of judgment on the proposal. *See* Fed. R. Civ. P. 23(e)(1)(B).

The Court now **GRANTS** the pending motion and makes the following findings and orders:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2. The Court has reviewed the terms of the Settlement Agreement, the exhibits thereto, Plaintiffs' motion papers, the declarations of counsel, the declaration of Plaintiffs' valuation expert, and all argument made.

3. The Settlement Agreement is the product of several years of litigation, during which the Parties exchanged sufficient discovery and information to knowledgeably assess the strengths and weakness of their respective claims and defenses.

4. The Court finds that the settlement is non-collusive, a product of arms'-length negotiations between counsel for Plaintiff and Defendant presided by over by experienced third-party neutrals. The Court finds that the parties' separate negotiation of attorneys' fees, coming after the parties agreed on class relief, also supports a finding of non-collusiveness. In reaching this finding of non-collusiveness, the Court considered "subtle signs" of collusion identified by *In re Bluetooth Headset Prod. Liab. Litig.*, 654

F.3d 935, 947 (9th Cir. 2011). The Court preliminarily finds that, from a "clear-sailing" provision, which is common in class action settlements, the settlement benefits are not dwarfed by the attorney's fees and that the Settlement funds do not revert, supporting a finding of non-collusiveness.

5. Based on its review, the Court finds that the Court will likely be able to approve the proposed settlement as fair, reasonable, and adequate under Rule 23(e)(2). *See* Fed. R. Civ. P. 23(e)(1)(B)(i). The Settlement Agreement: (a) results from efforts by Class Representatives and Class Counsel who adequately represented the class; (b) was negotiated at arm's length with the assistance of the Hon. Russell Bostrom (Ret.) and the Hon. Howard Weiner (Ret.); (c) provides relief for the class that is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effective proposed method of distributing relief to the class, including the method of processing class-member claims; and (iii) the terms of the proposed award of attorney's fees, including timing of payment; and (d) treats Class Members equitably relative to each other.

6. The Court further finds, upon enhanced scrutiny, that the Court will likely be able to certify the Class for purposes of judgment on the proposal. *See* Fed. R. Civ. P. 23(e)(1)(B)(ii). The Court preliminarily certifies the following Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons and entities who bought or leased a Class Vehicle[1] in the United States, excluding its territories, as of the date of Preliminary Approval, and all persons who bought or leased a Class Vehicle while on active military duty in the Armed Forces of the United States as of the date of Preliminary Approval. Excluded from this definition are HMA's affiliates, parent, or subsidiary of HMA or HMC; any entity in which HMA or HMC has a controlling interest; any employee, officer, or director of HMA or HMC; any successor or assign of HMA or HMC; attorneys, agents, insurers, third-party providers of extended warranty/service contracts, dealers, the attorneys representing HMA in this case, the Judges and Mediators to whom this case is or was assigned and their immediate family members, all persons who request exclusion from (opting-out of) the Settlement, vehicles deemed a total loss, anyone claiming personal injury, and all persons who previously released any claims encompassed in this Settlement.  Except as to the named plaintiffs in this Agreement, the class definition expressly excludes all owners or lessees of Class Vehicles who have filed and served litigation against HMA alleging problems with the DCT in Class Vehicles that were pending as of the Notice

Date and who do not dismiss their actions before final judgment. Owners or lessees of Class Vehicles who timely dismiss such litigation shall be members of the Class for all purposes.

7. The Court finds that this action is likely to be certified as a class action, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Court preliminarily finds for settlement purposes that: (a) the Class certified herein consists of over a hundred thousand persons, and joinder of all such persons would be impracticable, (b) there are questions of law and fact that are common to the Class, and those questions of law and fact common to the Class predominate over any questions affecting any individual Class Member; (c) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Class is superior to other available means of adjudicating this dispute; and (e) Plaintiffs and Class Counsel are adequate representatives of the Class. HMA retains all rights to assert that the action may not be certified as a class action, other than for settlement purposes. The Court also concludes that, because the action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

8. The Court appoints Nicholas Wylie, Shawna Wylie, Timothy Ryan, and Gregory Perger to serve as the representatives for the Class.

9. The Court appoints Capstone Law APC and Maddox, Isaacson, Cisneros LLP to serve as Class Counsel for the Class.

10. The Court directs HMA to fulfill its notice duties and responsibilities specified in this Order and the Settlement Agreement.

11. HMA is authorized to obtain vehicle registration information concerning owners or lessees of class vehicles from the appropriate state agencies for the sole purpose of mailing the notice, and the relevant state agencies shall make the appropriate vehicle registrations available to HMA for this purpose only.

12. The Court finds that the provisions for Notice to the Class set forth in the Settlement Agreement satisfy the requirements of due process and Federal Rule of Civil Procedure 23 and provide the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The Notice is reasonably calculated to apprise Class Members of the nature of this litigation; the scope of the Class, the Class claims, issues, or defenses; the terms of the Settlement Agreement; the right of Class Members to appear, object to the Settlement Agreement, and exclude themselves from the Settlement Class and the process for doing so; of the Final Approval Hearing; and of the binding effect of a class judgment on the Class. The Court therefore approves the proposed methods of providing Notice, and the Claim Forms, and directs HMA to proceed with providing Notice to Class Members, at its sole cost, pursuant to the terms of the Settlement Agreement and this Order.

13. No later than sixty calendar days from this order, or approximately **October 25, 2019** (the "Notice Date"), HMA shall substantially complete its notice obligations consistent with the specifications of the Settlement Agreement, including by disseminating notice to all reasonably identifiable Class members by U.S. Mail, email, and through publication of the dedicated settlement website (with a link to the dedicated settlement website).

14. No later than ten calendar days before the hearing on final approval of this settlement, Defendant shall provide an affidavit for the Court, with a copy to Class Counsel, attesting that notice was disseminated in a manner consistent with the Settlement Agreement, including its exhibits.

15. Class Members who wish to opt-out and exclude themselves from the Class may do so by submitting such request in writing consistent with the specification listed in the Class notice no later than sixty calendar days after the Notice Date, or approximately **December 26, 2019**.

16. To be valid, each request for exclusion must: (a) state the Class member's full name and current address; (b) provide the model year and Vehicle Identification

Number ("VIN") of his/her/its Class Vehicle(s) and the approximate date(s) of purchase or lease; and (c) specifically and clearly state his/her/its desire to be excluded from the settlement and from the Class.

17. Defendant shall report the names of all Class members who have submitted a request for exclusion to Class Counsel on a weekly basis, beginning thirty calendar days after the Notice Date.

18. All Class members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

19. Any Class member who wishes to object to the Settlement must, no later than sixty calendar days after the Notice Date, or approximately **December 26, 2019**, submit a written notice of objection to the addresses listed in the Class Notice ("Objection Deadline").

20. The written objection must contain the following: (a) the Class member's full name, current address, and current telephone number; (b) the model year and VIN of his/her/its Class Vehicle(s); (c) a statement of the objection(s), including all factual and legal grounds for the position; (d) whether it applies only to the objector, to a specific subset of the Class, or to the entire Class; (e) copies of any documents the objector wishes to submit in support; and (f) a signature and date on the objection.

21. Lawyers asserting objections on behalf of Class Members must: (a) file a notice of appearance with the Court within 120 calendar days of the entry of this Order; (b) file a sworn declaration attesting to his or her representation of each Class Member on whose behalf the objection is being filed or file (in camera) a copy of the contract between that lawyer and each such Class Member; and (c) comply with the procedures described in the Settlement Agreement.

22. If the objecting Class Member intends to appear, in person or by counsel, at the final approval hearing, the objecting Class Member must so state in the objection. Any Class Member who does not state his or her intention to appear in accordance with

the applicable deadlines and other specifications, or who has not filed an objection in accordance with the applicable deadlines and other specifications, will be deemed to have waived any objections to the settlement and will be barred from speaking or otherwise presenting any views at the final approval hearing.

23. The filing of an objection allows Class Counsel or counsel for HMA to notice such objecting person for and take his, her, or its deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to make himself/herself/itself available for a deposition or comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard. The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose.

24. These procedures and requirements for objecting are intended to ensure the efficient administration of justice and the orderly presentation of any Class member's objection to the settlement, in accordance with the due process rights of all Class members.

25. The Court has the authority and duty under Rule 23 of the Federal Rules of Civil Procedure to manage this class action litigation, ensure that clear and accurate notices are provided to the class, and protect the class members from information and communications about the proposed settlement or litigation that are coercive, deceptive, false, misleading, confusing, omit material information, or otherwise undermine the class action process. The Court has approved certain forms of notice that provide class members with clear, accurate, and objective information about the proposed settlement. The Court intends to carefully scrutinize any additional communications with or information directed to class members that are brought to its attention by a moving party, including communications or information provided by or on behalf of persons or entities who are not named parties in this litigation. *See* Manual for Complex

Litigation (4th) § 21.33 ("Objectors to a class settlement or their attorneys may not communicate misleading or inaccurate statements to class members about the terms of a settlement to induce them to file objections or to opt out."); *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1140 n.60 (7th Cir. 1979) ("Solicitations to opt-out tend to reduce the effectiveness of (b)(3) class actions for no legitimate reason.").

26. With respect to any such communications or information, the Court intends to make specific findings based on the particular circumstances, and will take appropriate action in accordance with the standards set forth in *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981). In order to reduce the risk of class members receiving misleading or confusing information outside the context of the forms of notice approved by the Court and to reduce the need for costly curative notice, the Court encourages any person who wishes to send or provide a written communication to multiple class members about the proposed settlement or this litigation to submit the proposed communication to the Court for review and approval prior to issuing it.

27. Since the Court has appointed Class Counsel and preliminarily certified the class, the Court also finds that the class members are represented by Class Counsel, and the ethical rule relating to communications with represented persons applies to attorney communications with the class members. *See, e.g.*, ABA Model Rule of Professional Conduct 4.2 (and the relevant counterparts in each state or jurisdiction); *see also Jacobs v. CSAA Inter-Ins.*, No. C07-00362MHP, 2009 WL 1201996, at *3 (N.D. Cal. May 1, 2009). Therefore, the Court reminds any lawyer wishing to communicate with class members to comply with applicable ethical rules. *See, e.g.*, ABA Model Rule of Professional Conduct 4.2 ("[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.").

28. In most circumstances, communications by lawyers with class members

about this class action litigation or the proposed settlement must go through Class Counsel, and direct contact is prohibited.  However, this Order is not intended to prevent an individual class member from proactively seeking the advice of a third-party attorney regarding his or her rights in the context of this class action during the opt-out period.

29. All Class Members and/or their representatives, who do not timely and properly exclude themselves from the Class are, pending the Court's ruling on the motion for final approval of the settlement, preliminarily barred and enjoined from directly, indirectly, derivatively, in a representative capacity, or in any other capacity, filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing any action in any forum (state or federal) as individual actions, class members, putative class members, or otherwise against the Releasees (as that term is defined in the Settlement Agreement) in any court or tribunal asserting any of the claims released by Releasors (as that term is defined in the Settlement Agreement) under the terms of the Settlement Agreement, and/or from receiving benefits from any lawsuit, administrative or regulatory proceeding, or order in any jurisdiction, based on those released claims. In addition, all such persons are hereby barred and enjoined from filing, commencing, or prosecuting a lawsuit against Defendant (or against any of its related parties, parents, subsidiaries, or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who do not timely exclude themselves from the Class, based on the claims released by Releasors under the Settlement Agreement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court find that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

30. The Court will hold a hearing on entry of final approval of the settlement, an award of fees and expenses to Class Counsel, and service awards to the Class Representatives at **8:30 a.m. on March 2, 2020**, in Courtroom 9D of the United States

District Court for the Central District of California, 411 West Fourth Street, Santa Ana, California 92701-4516. At the final approval hearing, the Court will consider: (a) whether the settlement should be approved as fair, reasonable, and adequate for the Class, and judgment entered on the terms stated in the settlement; and (b) whether Plaintiffs' application for an award of attorney fees and expenses to Class Counsel and service awards to Class Representatives ("Fee Application") should be granted.

31. Plaintiffs shall move for final settlement approval no later than ninety calendar days after the Notice Date, or approximately **January 23, 2020**. Plaintiffs shall move for approval of attorney's fees, litigation expense reimbursements, and class representative service awards **no later than fourteen calendar days before the Objection Deadline, or approximately December 12, 2019**. To the extent Plaintiffs file an omnibus motion seeking both final approval and attorney's fees, they shall have leave to exceed the page limit set by local rule but their motion shall not exceed 50 pages in length. No later than fourteen calendar days before the Final Approval Hearing, Plaintiffs may file reply papers, if any.

32. The Court reserves the right to adjust the date of the final approval hearing and related deadlines. In that event, the revised hearing date or deadlines shall be posted on the settlement website referred to in the Class notice, and the parties shall not be required to re-send or republish notice to the Class.

**IT IS SO ORDERED.**

Dated: August 26, 2019

*David O. Carter*
Hon. David O. Carter
United States District Judge