Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.monesi@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

Troy L. Isaacson, Esq., (Cal. Bar No. 186834, NV Bar No. 6690)
Norberto J. Cisneros, Esq., (Cal. Bar No. 182001, NV Bar No. 8782)
Barbara M. McDonald, Esq., (Cal. Bar No. 281722, NV Bar No. 11651)
MADDOX | ISAACSON | CISNEROS LLP
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141
Telephone:    (702) 366-1900
Facsimile:    (702) 366-1999

Attorneys for Plaintiffs Nicholas Wylie,
Shawna Wylie, Timothy Ryan, and Gregory Perger

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS WYLIE, SHAWNA WYLIE (fka BROWN), TIMOTHY RYAN, and GREGORY PERGER, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, a California corporation,<br><br>Defendant. | Case No.: 8:16-cv-02102-DOC-JCG<br><br>Hon. David O. Carter<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE INCENTIVE AWARDS**<br><br>Date:   March 2, 2020<br>Time:   8:30 a.m.<br>Place:  Courtroom 9D |

**ORDER**

On March 2, 2020, at 8:30 a.m., this Court conducted a hearing on Plaintiffs' Motion for Attorneys' Fees, Costs, and Class Representative Incentive Awards. Having carefully considered the papers, evidence, and arguments presented by the parties, the Court finds and orders as follows:

1. Plaintiffs have entered into a proposed Settlement Agreement with Defendant Hyundai Motor Co. ("Hyundai" or "HMA") that has been preliminarily approved by separate order as fair, adequate, and reasonable to the certified Settlement Class. Plaintiffs now seek entry of an order for attorneys' fees, costs, and incentive awards.

2. The Court exercises diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, Plaintiffs' right to an award of attorneys' fees and costs as well as the method of calculating the amount of that award is governed by California law. *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1478 (9th Cir. 1985).

3. The Court finds that Plaintiffs are the prevailing party, having achieved a Settlement that provides substantial relief and benefits for Class Members. Plaintiffs are therefore entitled to an award of attorneys' fees and costs under California law.

4. The Court applies California's lodestar/multiplier method to calculate the appropriate attorneys' fees to be awarded to Plaintiffs. Under this method, the Court first determines the lodestar by multiplying the number of hours reasonably spent by Class Counsel by reasonable hourly rates. The Court then may apply a multiplier to the lodestar.

5. The Court has reviewed Plaintiffs' submissions and finds that Class Counsel's time was reasonably spent and that their hourly rates are commensurate with the hourly prevailing rates for private attorneys in the community conducting class action litigation. Multiplying the documented hours reasonably spent by Class Counsel litigating this case by their hourly rates, the Court finds that the lodestar for Class

Counsel, $1,492,271.50, is reasonable.

6. The Court finds that, due to the contingent risk borne by Class Counsel and the excellent results achieved, the application of a multiplier of 1.32 is reasonable and appropriate. Applying a 1.32 multiplier to Class Counsel's lodestar of $1,492,271.50 yields the requested fee amount of $1,961,340, which the Court finds to be reasonable attorneys' fees for the services rendered.

7. Although the Court is not obligated to conduct a "crosscheck" using the percentage method (*see In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 571 (9th Cir. 2019)), particularly because not all of the benefits provided by the settlement here are readily monetizable, the Court is satisfied based on the testimony provided by Plaintiffs' valuation expert, Susan Thompson (*see* ECF No. 39-3), that the fee request as a percentage of the settlement benefits that can be monetized is within the Ninth Circuit's benchmark percentage of 25%.

8. Federal Rule of Civil Procedure 54 governs the determination of costs and expenses in a diversity action in federal court. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995). The Court has reviewed the evidence of Class Counsel's costs and expenses and concludes that they were reasonably necessary to the conduct of the litigation and are the type of expenses that firms ordinarily bill to a paying client. The Court therefore awards Class Counsel their requested costs and expenses in the sum of $38,660. And for services rendered on behalf of the Settlement Class, the Court hereby awards Plaintiffs incentive awards of $5,000, each.

9. The Court hereby **GRANTS** Plaintiffs' motion for attorney fees and expenses as stated above and orders Defendant to pay Class Counsel the total fees award of $1,961,340 and reimbursable expenses of $38,660. Defendant shall also pay Plaintiffs their $5,000 incentive awards.

**IT IS SO ORDERED.**

Dated:  March 2, 2020

*David O. Carter*

Hon. David O. Carter
United States District Judge