Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.monesi@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 556-4811
Facsimile:   (310) 943-0396

Troy L. Isaacson, Esq., (Cal. Bar No. 186834, NV Bar No. 6690)
Norberto J. Cisneros, Esq., (Cal. Bar No. 182001, NV Bar No. 8782)
Barbara M. McDonald, Esq., (Cal. Bar No. 281722, NV Bar No. 11651)
MADDOX | ISAACSON | CISNEROS LLP
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141
Telephone:   (702) 366-1900
Facsimile:   (702) 366-1999

Attorneys for Plaintiffs Nicholas Wylie,
Shawna Wylie, Timothy Ryan, and Gregory Perger

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS WYLIE, SHAWNA WYLIE (fka BROWN), TIMOTHY RYAN, and GREGORY PERGER, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, a California corporation,<br><br>Defendant. | Case No.: 8:16-cv-02102-DOC-JCG<br><br>Hon. David O. Carter<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   March 2, 2020<br>Time:   8:30 a.m.<br>Place:   Courtroom 9D |

Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs, and Class Representative Incentive Awards came before the Court for hearing on March 2, 2020, pursuant to the Court's Order Granting Motion for Preliminary Approval of Class Action Settlement dated August 26, 2019 ("Preliminary Approval Order") (Dkt. No. 46.) Having considered the parties' Settlement Agreement, and all papers filed and proceedings had herein,

**IT IS HEREBY ORDERED:**

1. This Court has subject matter jurisdiction over this action.

2. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the parties' Settlement Agreement.

3. The Court finds, following a rigorous analysis and for purposes of settlement only, that the following settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23:

> All persons and entities who bought or leased a Class Vehicle in the United States, excluding its territories, as of the date of Preliminary Approval, and all persons who bought or leased a Class Vehicle while on active military duty in the Armed Forces of the United States as of the date of Preliminary Approval. Excluded from this definition are HMA's affiliates, parent, or subsidiary of HMA or HMC; any entity in which HMA or HMC has a controlling interest; any employee, officer, or director of HMA or HMC; any successor or assign of HMA or HMC; attorneys, agents, insurers, third-party providers of extended warranty/service contracts, dealers, the attorneys representing HMA in this case, the Judges and Mediators to whom this case is or was assigned and their immediate family members, all persons who request exclusion from (opting-out of) the Settlement, vehicles deemed a total loss, anyone claiming personal injury, and all persons who previously released any claims encompassed in this Settlement. Except as to the named plaintiffs in this Agreement, the class definition expressly excludes all owners or lessees of Class Vehicles who have filed and served litigation against HMA alleging problems with the DCT in Class Vehicles that were pending as of the Notice Date and who do not dismiss their actions before final judgment. Owners or lessees of Class Vehicles who timely dismiss such litigation shall be members of the Class for all purposes.

4. The Court finds for settlement purposes that: (a) the Class certified herein consists of over a hundred thousand persons, and joinder of all such persons would be impracticable, (b) there are questions of law and fact that are common to the Class, and those questions of law and fact common to the Class predominate over any questions

affecting any individual Class Member; (c) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Class is superior to other available means of adjudicating this dispute; and (e) Plaintiffs and Class Counsel are adequate representatives of the Class. The Court also concludes that, because the action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5.   The Court finds that notice has been disseminated to the Class in compliance with the Court's Preliminary Approval Order and that the notice given was the best notice practicable under the circumstances, fully satisfied due process, and met the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6.   The Court has reviewed each of the objections to the settlement, concludes that none of the objections warrant disapproval of the parties' settlement, and thus overrules the objections. More specifically:

  a.   The Court overrules the objections that the settlement should include compensation in higher dollar amounts than those that were negotiated, or that certain individuals should receive higher dollar amounts because of their unique circumstances. The amounts provided by the settlement constitute fair, reasonable, and adequate relief in exchange for the release of Class Members' claims. The fact that some Class Members would like to receive more does not trump the benefits provided;

  b.   The Court overrules the objections that the settlement should have extended the warranty on Class Vehicles. The criticism that the warranty could hypothetically be extended does not justify denying settlement approval;

  c.   The Court overrules the objections that Hyundai should recall the

       Class Vehicles. Although those remedies could arguably provide benefits beyond those negotiated, the settlement nevertheless constitutes a fair compromise of Plaintiffs' and Class Members' claims; and

  d. The Court overrules the objections re the restrictions for submitting claims; it was a reasonable decision by the parties to negotiate a such restrictions while at the same time requiring only minimal proof from claimants.

7. The Court finds that the proposed settlement is fair, reasonable, and adequate under Rule 23(e)(2), is in the best interests of the class, and should be and hereby is fully and finally approved. *See* Fed. R. Civ. P. 23(e)(1)(B)(i). The Settlement Agreement: (a) results from efforts by Class Representatives and Class Counsel who adequately represented the class; (b) was negotiated at arm's length with the assistance of distinguished mediators and jurists, the Hon. Russell Bostrom (Ret.) and the Hon. Howard B. Wiener (Ret.); (c) provides relief for the class that is fair, reasonable, and adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effective proposed method of distributing relief to the class, including the method of processing class member claims; (iii) the terms of the proposed award of attorney's fees, including timing of payment; and (d) the settlement treats Class Members equitably relative to each other.

8. The Court finds that the settlement is non-collusive, a product of arms'-length negotiations between counsel for Plaintiff and Defendant presided by over by experienced third-party neutrals. In reaching this finding of non-collusiveness, the Court considered "subtle signs" of collusion identified by *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). The Court finds that, despite a "clear-sailing" provision, which is common in class action settlements, the settlement benefits are not dwarfed by the attorney's fees and that the Settlement funds do not revert, supporting a finding of non-collusiveness.

9. The Release set forth in the Settlement Agreement is incorporated herein and, as of the Effective Date and by operation of this Order, is binding and effective on all Class Members who have not properly excluded themselves from the Class. The Settlement Agreement, including the full Release that is incorporated herein, can be found on the Court's publicly available docket at Dkt. No. 39-1.

10. Below is a list setting forth the name of each person who properly excluded themselves from the Class in compliance with the procedures set forth in the Preliminary Approval Order. The persons identified below shall be neither entitled to the benefits from the Settlement nor bound by this Final Order:

| | |
|---|---|
| 1 | Gavin Abo |
| 2 | Sasan Afrouznia |
| 3 | Hooman Amiri |
| 4 | Ahmad Amirshaghaghi |
| 5 | Joseph Artiglio |
| 6 | Patricia Artiglio |
| 7 | Megan Atwood |
| 8 | Jane Baez |
| 9 | Mark Bailey |
| 10 | Tamara Bailey |
| 11 | Jeffrey Baning |
| 12 | Nancy Baning |
| 13 | Shelley Baumgardt |
| 14 | Lina Nery Bazan |
| 15 | Eric Blackburn |
| 16 | Sondra Bonham |
| 17 | James Bradford |
| 18 | Mary Bradford |
| 19 | George Bullerwell |
| 20 | Sandra Byers |
| 21 | Steven E. Canada |
| 22 | Fernando Cervantes |
| 23 | Sharon M. Cohen |
| 24 | Neal Collett |
| 25 | Christopher Componovo |
| 26 | Leigh-Ann Constable |
| 27 | Tamme L. Cooper |
| 28 | Lisa D. Davis |

29. Kay Defa
30. Amanda Edwards
31. Dawn R. Edwards
32. Mariah Arietta Elkaradawi
33. Sherif Arietta Elkaradawi
34. Vanesa Francis
35. Alyce J. Fritch
36. Annalisia Gallardo
37. Roger Torres Gallardo
38. Jesus Garcia
39. Austin Gardner
40. David C. Gerhart
41. Bert Antonio Gonzales
42. Connie V. Gordon
43. Everett Carl Grinsted
44. John Alan Grubb
45. Laura Hartson
46. Jacqualine Sue Heggie
47. Wayne J. Hembach
48. Barbara Hollister
49. David Hollister
50. Harsha Hunagund
51. Herman M. Johnson
52. Igal Kahenassa
53. Subhash Kapoor
54. Arlet Khodadadi
55. Janet W. Kiel
56. Kayla Kohutko
57. Myo S. Kruckel
58. Sonia Lajas
59. Brad Langdale
60. Alan R. Lemay
61. Steven Mark Linden
62. Anja D. Lindner
63. Stephanie Nicole Lucas
64. Kathleen Luleff
65. Lisa Lundborg
66. Linda K. Lynch
67. Alexis Mack
68. Eshwar Maddishetty
69. Dennis Madrzykowski

| | |
|---|---|
| 70 | Nicholas Maevsky |
| 71 | Mahin Makhfi |
| 72 | Tammi Mantz |
| 73 | Ramon Martinez |
| 74 | Michael McMorrow |
| 75 | Nicholas Aaron McNeil |
| 76 | Mildred A. Mentzer |
| 77 | Rudy Merom |
| 78 | Richard J. Mulcahy |
| 79 | Roosevelt Munson, Jr. |
| 80 | Shawna Munson |
| 81 | Militza Nater |
| 82 | Shamarie Negron |
| 83 | Pedro Santiago Nerio |
| 84 | Vincent Neumeier |
| 85 | Pui Yuen Ng |
| 86 | Blake James Nolan |
| 87 | Neda Nourani |
| 88 | Stephanie O'Reilly |
| 89 | Sandra Osen |
| 90 | Joshua Mason Pack Sr. |
| 91 | Bruce R. Pancoast |
| 92 | Sergio Parreira |
| 93 | Jennifer Pascavage |
| 94 | Cynthia Patton |
| 95 | John Paul |
| 96 | Alyson Peluso |
| 97 | Anjelica Perez |
| 98 | Katherine Willhite Perez |
| 99 | Lissan Willhite Perez |
| 100 | Courtney Manari Phillippy |
| 101 | Henry Pietrkowski |
| 102 | Gustave Poulin |
| 103 | Julie Pound |
| 104 | Alicia Ramirez |
| 105 | Robert Rashkow |
| 106 | Randall A. Raszler |
| 107 | Rima Rayshouny |
| 108 | David Antonio Reyes |
| 109 | Maria Rodriguez |
| 110 | John Rotoloni |

111   Mary Rutherford
112   Cecilia Sanchez
113   Ramiro Sanchez
114   Shahrad Sayari
115   Kevin Seiwell
116   Veronica Sencion
117   Michael J. Serino
118   Tonya J. Shannon
119   Tristan Shannon
120   Susan Simpson
121   Patricia Sims
122   Alex Sin
123   Hannah Sober
124   Megan Lea Somers
125   Alma Rosa Soto
126   Samantha Spadea
127   Lauren Spencer
128   Emily Rebecca Steiner
129   Joseph J. Stuparich
130   Gerald C. Taylor III
131   Patti Louise Thibado
132   Deana Thompson
133   Sharon L. Timm
134   Harold N. Toppall
135   George S. Tunder
136   Bradley P. Updegrove
137   Debbie Vick
138   Tracey Ann Vonella
139   Henry J. Wallock
140   Mohamed Ismail Wazeer
141   Amy Webb
142   Ruth Marjorie Wertenberg
143   Jeffrey Wheelbarger
144   Lisa Wheelbarger
145   Gerald White
146   Montaigne M. White
147   Ellen Worob
148   Alyse Wright
149   Geoff Wright
150   Stacy Marie Wright
151   Caitlyn S. Young

| | |
|---|---|
| 1 | 152   Maksim Aleksandrovich Zabelin |

11. Without affecting the finality of this Final Approval Order and the Final Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the settlement; (b) further proceedings, if necessary, on applications for attorneys' fees, expenses, and costs in connection with the action and the settlement; and (c) the Parties and the Class Members for the purpose of construing, enforcing, and administering the Settlement Agreement and all orders and judgments entered in connection therewith.

12. The Court finds that no just reason exists for delay in entering the Final Judgment. Accordingly, the Clerk is hereby directed to enter Final Judgment.

**IT IS SO ORDERED.**

Dated: March 2, 2020

*David O. Carter*
Hon. David O. Carter
United States District Judge